UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LARRY DONNAIL APPLEBY,

    Plaintiff,

v.

JAMES EDISON,

    Defendant.

No. 1:24-CV-150-H-BU

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that, because the plaintiff refuses to pay the filing fee or to complete and sign an application to proceed in forma pauperis (IFP), the Court deny the plaintiff's application to proceed IFP (Dkt. No. 5) and dismiss the action without prejudice. Dkt. No. 13. The plaintiff has responded by filing an "Affidavit of Fact Writ of Error in the Nature of Objection." Dkt. No. 19.

An objection to an FCR must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Thus, "[f]rivolous, conclusive[,] or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982) (en banc)).

Where no specific objections are filed within the 14-day period to object after the plaintiff is served with the FCR, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions

de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1).

Here, the plaintiff's "Affidavit of Fact" does not contain any non-frivolous objections. The plaintiff's objections dispute the legitimacy of the FCR's conclusion that the plaintiff must either pay the filing fee or comply with the requirements for filing an application to proceed IFP. *See generally* Dkt. No. 19. However, the plaintiff provides no reasoning for his position, instead providing various citations to constitutional amendments, the Treaty of Admiralty and Commerce of 1836, "Public Law 857," and the Universal Declaration on Human Rights. *See* Dkt. No. 19 at 2–6. These statements and quotations do not appear to have any relevance to the FCR's grounds for dismissing the plaintiff's claims but instead appear to assert sovereign citizen-type arguments. The Court need not consider frivolous or non-specific objections, and as a result, the Court may review the FCR for plain error. *See Battle*, 834 F.2d at 421. Finding none, the Court accepts and adopts the FCR.

However, even assuming that the Court must review the FCR de novo, the Court still accepts and adopts the FCR. In November 2024, the Magistrate Judge notified the plaintiff that he must either pay the filing fee or apply to proceed IFP and ordered him to take one of those actions. Dkt. No. 4. The plaintiff filed the Court's standard IFP form, but it was blank and unsigned, instead directing the Court to "See Attached Affidavit of Fact Financial Statement." Dkt. No. 5. That affidavit contained three pages of arguments as to why the plaintiff was not required to pay the filing fee because he does not possess "any gold or silver coins, as prescribed by United States Constitution Law, which is the lawful money to pay the restricting demands." Dkt. No. 5-1 at 1. As the FCR noted, arguments of this type derive from the sovereign-citizen movement and are frivolous. *See Westfall v. Davis*,

No. 7:18-cv-023-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (quotation marks omitted).

Although the plaintiff's FCR objections assert that his Affidavit of Fact Financial Statement" was not a motion to proceed IFP (*see* Dkt. No. 19 at 2), that does not excuse him from the requirement either to move to proceed IFP or to pay the filing fee. *See* 28 U.S.C. §§ 1914, 1915. To date, the plaintiff has failed to either pay the filing fee or file a completed and signed application to proceed IFP.

As a result, even upon de novo review, the Court finds no error in the FCR and accepts and adopts it. The Court denies the plaintiff's application to proceed IFP (Dkt. No. 5). The plaintiff's claims against the defendant are dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41 due to the plaintiff's failure to pay the filing fee or properly seek leave to proceed IFP.

So ordered on ~~July~~ June 30, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE